UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:12-cr-184-DBH |
| | ) | |
| JAMES P. FLETCHER, | ) | |
| Defendant | ) | |

### ORDER ON GOVERNMENT'S MOTION TO DISMISS
### AND FOR DANGEROUSNESS EVALUATION

The government has filed a motion to dismiss without prejudice the criminal charge pending against defendant James P. Fletcher. The government represents that it is moving to dismiss the pending charge solely for reasons related to Fletcher's mental condition. The government has also moved for an order directing the United States Bureau of Prisons to conduct an evaluation of Fletcher under 18 U.S.C. § 4246 to determine whether his release would present a substantial risk of bodily injury to another person or of serious damage to the property of another.

By way of history, on June 10, 2013, I entered an Order finding Fletcher incompetent to stand trial, and directing the Bureau of Prisons to engage in efforts to restore him to competency, including by voluntarily administering anti-psychotic medication if necessary. On January 14, 2014, the Federal Medical Center in Butner, North Carolina (FMC Butner) filed a forensic evaluation with the Court, concluding that although Fletcher remained incompetent, another 120-day period of treatment could restore his competency to stand trial. The

evaluation also concluded that at the time Fletcher allegedly committed the crime charged in the indictment, he was unable to appreciate the nature and quality or the wrongfulness of his actions. In an Order entered on February 3, 2014, I continued Fletcher's commitment by an additional 120-day period as recommended. My February 3 order also noted that if at the end of the additional 120-day period Fletcher's mental condition had not so improved as to permit trial to proceed, he would be subject to the provisions of 18 U.S.C. § 4246.

On June 12, 2014, FMC Butner filed another forensic evaluation with the Court, concluding that Fletcher remained incompetent, and that there was not a substantial probability that his competency would be restored in the foreseeable future, despite the administration of anti-psychotic medication. The evaluation also noted that Fletcher was potentially subject to a dangerousness evaluation under 18 U.S.C. § 4246.

Section 4246 provides a procedure for civil commitment of a defendant in custody who, because of mental disease or defect, would create a substantial risk of injury to the person or property of another if released. Most relevant to this case, the procedure is available with respect to a person "against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person." 18 U.S.C. § 4246(a). The first step in the procedure is an evaluation of whether the release of the defendant would pose the requisite substantial risks. If not, he would be released. If he would pose the requisite substantial risks, then a certificate from the director of the facility in which the defendant is hospitalized is filed with the clerk of the court for the district where the person is confined, attesting to his dangerousness and the unavailability of

suitable state custody and care.  Id.  The court of that district then holds a hearing on the matter and can order additional psychiatric or psychological examinations and reports as necessary before determining whether civil commitment is appropriate.  Id. § 4246(a), (b).

In this prosecution, as noted above, the government has moved to dismiss the pending charge without prejudice, moved for a dangerousness evaluation, and asked me, if I grant the dismissal, to stay the order once it is entered, pending the completion of the dangerousness evaluation.  This procedure was approved by the Ninth Circuit in United States v. Godinez-Ortiz, 563 F.3d 1022, 1026, 1031-32 (9th Cir. 2009).  I also approved such a procedure in United States v. Alvin C. Hardy, No. 2:09-CR-00130-DBH.

I find that this procedure is also appropriate in this case.  Accordingly, I **GRANT** the government's motion to dismiss without prejudice and its motion for an order directing the United States Bureau of Prisons, through FMC Butner, to conduct a dangerousness evaluation under 18 U.S.C. § 4246.  The duration of the continued commitment for such evaluation is controlled by 18 U.S.C. § 4247(b) (45 days and any reasonable extension not to exceed 30 days).  The order of dismissal is **STAYED** pending the completion of the dangerousness evaluation.

**SO ORDERED.**

**DATED THIS 9TH DAY OF JULY, 2014**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**